**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger**

Civil Action No. 16-cv-1932-MSK-STV

**CENTER FOR BIOLOGICAL DIVERSITY, and
TAYLOR MCKINNON,**

      Plaintiffs,

v.

**DAVIS BERNHARDT,[1] Secretary of the Interior, and
U.S. FISH & WILDLIFE SERVICE,**

      Defendants, and

**STATE OF COLORADO,
COLORADO DIVISION OF PARKS & WILDLIFE,
COLORADO PARKS & WILDLIFE COMMISSION, and
NEW MEXICO DEPARTMENT OF GAME & FISH,**

      Intervening Defendants.

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION
FOR RECONSIDERATION**

---

**THIS MATTER** comes before the Court pursuant to The Defendants' ("FWS") Motion to Alter Judgment **(# 94)**, the Plaintiffs' response **(# 100)**, and FWS' reply **(# 101)**.[2]

The Court assumes the reader's familiarity with the proceedings to date, particularly the Court's September 26, 2019 Opinion and Order Vacating In Part and Remanding Decision **(#89)**.

---

[1]     The Court *sua sponte* substitutes Mr. Bernhardt, the current Secretary of the Interior, for former Secretary Sally Jewel and seems the caption amended accordingly.

[2]     Also pending are motions to toll the deadline for filing a request for fees and costs **(# 94)**, a motion to adjust the briefing schedule **(# 96)** on the substantive motion for reconsideration, and a motion to withdraw as counsel **(# 103)**, all of which are **GRANTED**.

1

In summary, the Plaintiffs challenged a 2014 decision by the FWS to remove (or "de-list") the Rio Grande Cutthroat Trout from a list of threatened or endangered species under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*  The 2014 decision overturned an FWS finding from 2008 that the Trout were threatened as provided by the ESA.  The Plaintiffs contended, among other things, that the FWS' decision violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), in part because the FWS failed to "provide a [ ] detailed explanation accounting for the change in course, including why previously understood facts and circumstances are now discounted."  *Docket #* 76 at 23.

In its September 2019 Order, this Court rejected most of the Plaintiffs' arguments, but found that the FWS had failed to explain why its 2008 finding that as few as 8 of 120 distinct Trout populations were "secure" had, by 2014, changed to a finding that 55 of 122 populations of Trout were in at least "good" condition.  This Court noted that "it simply appears that, between 2008 and 2014, the [FWS] changed its criteria for determining whether a given Trout population was healthy and stable," but "does not explain that change in criteria nor indicate why the 2008 criteria were now deprecated."  Thus, the Court vacated and remanded the 2014 decision to the FWS "for further analysis and explanation for the criteria used to calculate healthy Trout populations."

The FWS (supported by the Intervenor Defendants) filed the instant Motion To Alter Judgment, arguing that the Court's focus on the different criteria used to measure healthy Trout populations between 2008 and 2014 raised an issue that had not been included in the Plaintiffs' briefing and that, had the FWS been aware of the Court's concern about this issue, it could "have readily pointed to documents in the administrative record that explain the perceived discrepancy."  The FWS' motion acknowledges that its methodology for ascertaining and

counting healthy Trout populations changed between decisions, yet contends that evidence of the four components that reflect that change can be discerned from various documents in the existing administrative record. But it admits that it "[has] not, until now, synthesized these four changes into one place." *Docket #* 94 at 9.

The Court need not resolve the question of whether the failure of the FWS to acknowledge the change in methodology was implicit in the Plaintiffs' original argument, or whether the FWS was surprised by the Court addressing the issue in its 2019 Order or whether the Court raised the issue *sua sponte*. It is sufficient to note that, as evident in the instant motion, the FWS now recognizes the issue and has had the opportunity to fully address it.

The persistent problem is not whether the FWS might have had a valid reason for changing its methodology. Rather, it is the agency's failure to explain that it was doing so. The APA requires that "an agency must cogently explain why it is exercised its discretion in a given manner." *Motor Vehicle Mfrs. Assn. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 48 (1983) ("At the very least this alternative way . . . should have been addressed and adequate reasons given for its abandonment"). A detailed explanation of the change may not be necessary, but it is incumbent upon the FWS to set forth enough of an explanation that "the agency's decisionmaking process may reasonably be discerned." *See Arizona Public Serv. Co. v. U.S. E.P.A.*, 562 F.3d 1116, 1123 (10th Cir. 2009). And importantly, the Court must adjudicate the validity of an agency decision based on the agency's own explanation of that decision, not based on explanations or clarifications provided by counsel during litigation. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1565 (10th Cir. 1994).

It may very well be that there is support in the record that would support the FWS' decision to employ a different methodology for counting healthy Trout populations in 2014 than

3

it had in 2008.  But if the FWS decides to change a methodology it previously employed, it must publicly announce that is doing so and the announcement must provide enough of an explanation as to why it has done so to allow the Court to assess the decision.

Here, by the FWS' own admission, not until submission of the instant motion has it "synthesized" and set forward the separate and various components underlying its decision to change its methodology in 2014.  Certainly, the FWS has not pointed to any portion of the 2014 determination that advises the public that a change in its methodology had occurred, nor the reasons therefor.  Because the Court is limited to assessing the explanation publicly provided by the FWS in its decision, not explanations proffered for the first time in litigation, the fact that the FWS has now tendered such an explanation now insufficient.  Because the 2014 determination does not identify and explain the change in methodology for counting healthy Trout populations, it fails to comply with the APA.  Accordingly, the FWS' motion for reconsideration is granted in part, insofar as the Court has reconsidered the issues raised therein, and denied in part, insofar as the Court declines to alter the outcome of the September 2019 Order.

Accordingly, the FWS' Motion to Alter Judgment **(# 94)** is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.  The Plaintiffs' motion to extend the deadline for filing a request for fees and costs **(# 94)** is **GRANTED**, and a motion seeking fees and costs shall be filed within 14 days of this Order.  The motion to adjust the briefing schedule **(# 96)** is **GRANTED** as set forth therein.  Ms. Sheffield's Motion to Withdraw as Counsel **(# 103)** for the

5

FWS is **GRANTED** and the Clerk of the Court shall reflect that Ms. Sheffield is no longer counsel in this case.

Dated this 31st day of October, 2020.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Senior United States District Judge